882



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-1507
Re: May the county purchase stationery sup-
plies under Art. 1658, when and as the
supplies may be needed, or is it requir-
ed under Art. 2359, et seq., to contract
for such supplies once every two years?

If the county may follow Art. 1658 in
purchasing stationery supplies, etc.,
must it advertise "for a period of two
weeks in at least one daily newspaper,"
or do the provisions of Art. 1659 not
relate to Art. 1658? And related ques-
tions.

We are in receipt of your request for an opinion
on the following four questions:

"Question No. 1. May the County purchase
stationery supplies, under the terms of Arti-
cle 1658, when and as the supplies may be need-
ed, or is it required, under Article 2359, et
seq., to contract for such supplies once every
two years?

"Question No. 2. If the County may follow
Article 1658 in purchasing stationery supplies,
etc., must it advertise 'for a period of two
weeks in at least one daily newspaper', or do
the provisions of Article 1659 not relate to
Article 1658?

"Question No. 3. Does the phrase 'for a
period of two weeks in at least one daily news-
paper', as contained in Article 1659, require

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Ernest Guinn, page 2

advertisement once every day for said two weeks period, or once each week for the two weeks?

"Question No. 4. Does Article 2368a in any wise limit or repeal the provisions of Article 1659, and if so, to what extent?"

At the outset we wish to call attention to the fact that the statutory law of this state provides in certain respects a different method for the purchase of stationery by the Commissioners' Court of a county from that method authorized for the purchase of stationery by the county officers of a county. This distinction should be kept constantly in mind during the following approach to the questions under consideration.

Article 1658, Revised Civil Statutes, 1925, enacted in 1905 (Acts 1905, page 384), provides:

"Bids shall be asked for all supplies of stationery, books, blanks, records, and other supplies for the various officers for which the county is required to pay, and the purchase made from the lowest bidder, after filing said bid with the auditor for record."

Article 1659, Revised Civil Statutes, 1925, originally enacted in 1905 along with the preceding article and amended in 1921 (Acts 1921, page 185) reads:

"Supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the Commissioners Court, has submitted the lowest and best bid. The county auditor shall advertise for a period of two weeks in at least one daily newspaper, published and circulated in the county, for such supplies and material according to specifications, giving in detail what is needed. Such advertisements shall state where the specifications are to be found, and shall give the time and place for receiving such bids. All such competitive bids shall be kept on file by the county

auditor as a part of the records of his office, and shall be subject to inspection by any one desiring to see them. Copies of all bids received shall be furnished by the county auditor to the county judge and to the commissioners court; and when the bids received are not satisfactory to the said judge or county commissioners, the auditor shall reject said bids and re-advertise for new bids. In cases of emergency, purchases not in excess of one hundred and fifty dollars may be made upon requisition to be approved by the commissioners court, without advertising for competitive bids." (Underscoring ours).

We have underscored the emergency provision of this article. Advertising for competitive bids is not necessary in cases of emergency where the purchases are not to exceed $150.00.

Article 2356, Revised Civil Statutes, 1925, (Acts 1907, page 252) provides:

"The commissioners court by an order entered of record, may contract as hereinafter prescribed, with some suitable person or persons to supply the county with blank books, all legal blanks and stationery as may be required by law to be furnished the county officials."

Article 2359, Revised Civil Statutes, 1925, (Id,) reads as follows:

"The commissioners court shall advertise, at least once in every two years, for sealed proposals to furnish blank books, legal blanks, stationery and such other printing as may be required for the county for the term of such contract, and shall receive separate bids for the different classes hereinafter designated. Such advertisement shall be made by the county clerk, who shall notify by registered letter, each newspaper and job printing house in the county, and at least three stationery and printing houses in the State, of the time said contract is to be awarded, and of the probable

Hon. Ernest Guinn, page 4

amount of supplies needed." (Underscoring ours).

Article 2362, Revised Civil Statutes, 1925, (Id.) classifies county stationery:

"The stationery shall be divided into four classes:  Class 'A' shall embrace all blank books and all work requiring permanent and substantial binding.  Class 'B' shall embrace all legal blanks, letter heads and other printing, stationery and blank papers.  Class 'C' shall embrace typewriter ribbons, pens, ink, mucilage, pencils, penholders, ink stands and ware of like kind.  Class 'D' poll tax receipts and all election supplies of whatever nature and description, not furnished by the State. Each and every bid shall be upon a particular class, separate and apart from any other class.  To the lowest bidder on each class shall be awarded the contract for all work of that class."

Construing Article 1659, supra, with Articles 2358, 2359 and 2361, supra, it is apparent that the former is a general statute with an emergency clause.  On the other hand Articles 2358, 2359 and 2362, supra, are specific statutes governing contracts made by the commissioners' court of a county for the purchase of "blank books, all legal blanks and stationery, etc."

It is the rule of construction that when a general statute and a special statute deal with the same subject matter, the former is controlled or limited by the latter.  39 TEX. JUR. 212, and cases cited in note 5.

It is our opinion that Article 2359, supra, governs in the matter of advertising for offers to supply county stationery, i.e., blank books, legal blanks, stationery and such other printing when the purchase is to be made by the commissioners' court of a county.  According to the provisions of this article the advertisement for bids must be made "at least once in every two years." Furthermore, the advertisement shall be made by the county clerk "who shall notify by registered letter, each newspaper and job printing house in the county, and at least three stationery and printing houses in the State,

Hon. Ernest Guinn, page 5

of the time said contract is to be awarded, and of the probable amount of supplies needed."

On the other hand, Article 2359, supra, governing the purchase of statinery supplies by the commissioners court, does not contain an emergency clause, as does Article 1659, supra. Consequently, in this particular respect Article 2359 does not supercede Article 1659. It is our opinion that the emergency clause of Article 1659 would apply to purchases by the commissioners court without advertising for bids of enough blank books, legal blanks and stationery to meet the needs of the county until the provisions of Article 2359 could be complied with in an amount under no condition to exceed one hundred and fifty dollars.

Thus far we have discussed purchases of stationery by the commissioners court of a county.

It is our conclusion that Articles 2358 to 2367, Revised Civil Statutes, 1925, govern except in emergencies when limited purchases may be made under Article 1659, Revised Civil Statutes, 1925, without advertising for bids.

Considering the statutes authorizing county officers to purchase stationery with the approval of the commissioners court, we turn to Section 1 of Article 3899b, Vernon's Annotated Civil Statutes, which reads as follows:

"There shall be allowed to County Judges, Clerks of the District and County Courts, Sheriffs, County Treasurers, Tax Assessors and Collectors, such books, stationery, including blank bail bonds and blank complaints, and office furniture as may be necessary for their offices, to be paid for on the order of the Commissioners Court out of the County Treasury; and suitable offices shall also be provided by the Commissioners Court for said officers at the expense of the county. And such books and statinery as are necessary in the performance of their duties shall also be furnished Justicesof the Peace by said Commissioners Court. Provided all purchases herein must be approved by Commissioners Court, and must be made under the provisions of Article 1659, Revised Civil Statutes of Texas, 1925."

Hon. Ernest Guinn, page 6

Said Section 1 of Article 3899b, supra, was enacted by the Forty-first Legislature, Regular Session 1929, House Bill No. 496, Chapter 207, page 448, General and Special Laws, said Act declaring an emergency as follows:

"The public importance of the purposes herein contemplated, and the fact that Article 3905 of the Revised Statutes of Texas, 1911, which provided that offices and stationery be furnished certain officers of the county was omitted in the codification of 1925, create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

We wish to call attention to Section (b) of Art. 3899, Vernon's Annotated Civil Statutes, enacted subsequent to Section 1 of Article 3899b for the purpose of pointing out that it cannot apply to stationery or the subject matter of Section 1 of Article 3899b since it is a general statute which does not expressly include or repeal the items of the specific statute.

It is our opinion that Section 1 of Article 3899b applies exclusively to purchases of books, stationery including blank bail bonds, blank complaints, and office furniture, etc., by county officers with the approval of the county commissioners court and that Article 3899 (b) has no application to these items.

Since Section 1 of Article 3899b is controlling as to purchases of stationery by county officers, the latter in making same must comply with the requirement of said article that all purchases must be made under the provisions of Article 1659, Revised Civil Statutes, 1925.

Article 1659, supra, provides of course that the county auditor shall advertise for a period of two weeks in at least one daily newspaper published and circulated in the county, for such supplies and materials, etc. Also where there is an emergency, purchases not in excess

of one hundred and fifty dollars may be made upon requisition to be approved by the Commissioners' Court, without advertising for bids.

Construing Articles 3899 (b) Section 1, Vernon's Annotated Civil Statutes, and Article 1659, Revised Civil Statutes, 1925, together, we have reached the conclusion that when county officers desire to purchase books, stationery, including blank bail bonds and blank complaints, and office furniture, under the former statute, they must advertise for bids in compliance with the requirement of Article 1659 unless the purchase is made under the emergency provision of the latter article in which case they may with commissioner's approval and without advertising purchase enough stationery supplies to last them until the advertisement requirement can be met, the purchase not to exceed $150.00 in amount.

In answer to your first question, it is our opinion that Articles 2358, through 2367, Revised Civil Statutes, 1925, govern in respect to the purchase of stationery by the County Commissioners' Court and require competitive bidding at least once every two years, with advertisement by the county clerk as called for in the statute, but that the emergency provision of Article 1659, Revised Civil Statutes, 1925, applies when stationery supplies are badly needed in which case a purchase of not more than $150.00 worth of stationery may be made by the Commissioners' Court without the competitive bid advertisement requirement of Article 2359.

It is our further opinion that purchases of stationery by the county officers as provided in Section 1 of Article 3899 (b) are governed by Article 1659, Revised Civil Statutes, 1925, and the provisions of said article in respect to the method of advertisement in connection with such purchases must be met except where they are made under the emergency clause which applies as it does in the case of purchases by the Commissioners' Court of a county.

In answer to your second question, we wish to advise that Article 2359, Revised Civil Statutes, 1925, applies to the purchase of stationery by the Commissioners' Court except in the case of an emergency, but that Article 1659, Revised Civil Statutes, 1925, applies to the purchase

Hon. Ernest Guinn, page 8

of stationery by county officers as authorized under Section 1 of Article 3899b and that where it applies there must be compliance with the requirement of advertisement for bids "for a period of two weeks in at least one daily newspaper."

In answer to your third question, it is our opinion that the phrase "shall advertise for a period of two weeks in at least one daily newspaper", as contained in Article 1659, Revised Civil Statutes, 1925, requires a daily advertisement because the words "shall advertise" in conjunction with "daily newspaper" can only mean that the Legislature had a daily advertisement in mind.

Article 2368a, Vernon's Annotated Civil Statutes is House Bill No. 512 (Acts 1931, p. 869, ch. 163) as enacted by the Forty-second Legislature at its Regular Session, as amended at the First Called Session, Acts 1931, p. 42, ch. 24, § 1.

Its caption reads, in part, as follows:

"An act requiring commissioners' court and governing bodies of cities and towns in this state to advertise for bids on projectsrespecting public improvements under certain conditions; etc." (Underscoring ours).

Careful consideration of the caption and the provisions of the Act itself leads to the conclusion that it applied only to projects respecting public improvements, and not "to supplies of every kind, road and bridge material, or any other material", including stationery, as referred to in Article 1659, Revised Civil Statutes, 1925, Articles 2358 to 2367, Revised Civil Statutes, 1925, and Article 3899b, Section 1, Vernon's Annotated Civil Statutes. See:

HUNTER v. WHITEAKER & WASHINGTON, 230 S.W. 1096; GIBSON v. DAVIS, 236, S.W. 202; JACKSON v. NOEL, 37 S.W. (2d) 787; WOMACK v. CARSON, 36 S.W. (2d) 184.

It is our opinion that Article 2368a, Vernon's Annotated Civil Statutes does not repeal the provisions

Hon. Ernest Guinn, page 9

of Article 1659, Revised Civil Statutes, and limits said article only insofar as contracts on projects respecting public improvements such as construction of public buildings and public works are concerned, Article 1659 being a general statute and Article 2368a being a specific law.

In support of our answers to your first two questions we refer you to opinion No. O-1591 of this Department by Hon. Wm. J. Fanning, Assistant Attorney General, written at the same time the foregoing opinion, on the methods of purchase, by Wichita County, Texas of legal blanks, stationery and similar supplies for the use of the officers of the county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      Dick Stout
           Assistant

DS:ob

Encl.

APPROVED NOV 17, 1939

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN